## Goss Printing Press Co. v. Carl Lempke.

1. INSTRUCTIONS—*Jury Not Bound to Believe a Witness.*—An instruction stating in terms that the jury are not necessarily bound to believe anything to be a fact because a witness has stated it to be so, provided they believe from the evidence that such witness is mistaken or has sworn falsely to such fact, is proper and expressly approved in Chicago & A. R. R. Co. v. Fisher, 38 Ill. App. 33.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH. Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed July 31, 1900.

D. J. & D. J. SCHUYLER, JR., attorneys for appellant.

THOMAS S. HOGAN and MUNSON T. CASE, attorneys for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

Appellant was a manufacturer and seller of printing presses. Appellee was a common laborer in its employ.

On the day in question, the side frame of a press that was being shipped from the factory, fell forward from where it had been left standing, upon appellee while he was engaged at work near it, and inflicted the injury complained of. From a judgment of $4,000, recovered by him for such injuries, this appeal is prosecuted.

This frame was of iron, and was eight or nine feet long by a varying width of from three to four and one-half feet, and weighed about one thousand pounds. It stood in a passage way from twelve to fourteen feet wide, that ran through the factory and opened upon a railroad track alongside of the factory. This passage way was used, in part at least, to move presses along that were to be shipped by car. The frame belonged to a press that was being shipped that day. It was loaded upon a truck, or dolley, and was left standing at one side of the passage way for some other parts of the press to be first loaded in the car. Earlier in the day it had been stood up on the east side of the passage way about opposite where it was when it fell, but, by direction of the superintendent, had been moved across to the west side in order that it might be painted before being loaded in the car, and appellee assisted in the act of moving it.

He then assisted in moving other parts of the press, by means of dolleys, from the factory to the car, and while engaged with others in pushing a loaded dolley along the passage way, the frame fell forward upon him and inflicted the injury complained of, without, so far as appears, any fault by him.

The case went to the jury on three counts of the declaration—the first, second and fourth.

The first count in substance alleges negligence of defendant in ordering plaintiff away from the side frame, which afterward fell upon him, to load other pieces of machinery by means of moving-trucks into a car which was then being loaded. The second count alleges duty of defendant to furnish plaintiff a reasonably safe place in which to work and defendant's default in this regard. The fourth count

Goss Printing Press Co. v. Lempke.

alleges duty of defendant before ordering plaintiff to perform work requiring him to pass by said side frame, which was in an insecure condition, to adopt reasonable precautions to secure said side frame so it should not fall upon said plaintiff while exercising ordinary care, etc., and defendant's default in these regards. A plea of not guilty was filed to all of these counts.

There was evidence tending to support each of the counts of the declaration, and, on the other hand, such evidence was met by positive contradiction in behalf of appellant. From a consideration of all the evidence in the case we are well satisfied that the frame fell because it was not sufficiently propped or braced by those whose duty it was to see that it was securely braced before being left alone. If, on that point, it was any part of the duty of appellee' to brace the frame, he having assisted in the last moving of it, he was excused from that duty by being expressly ordered away from it to perform other work, before his duty in that respect was performed.

We do not say that the evidence that he was so ordered away, by one having authority in that regard, is uncontradicted and not admitting of doubt, but the evidence in that respect was ample for the jury to find that he was so ordered away. Nor can it be successfully contended, as is attempted to be done, that the doctrine of assumption of risk has application to a case where, as here, the evidence tends to justify the conclusion that the accident would not have happened except the appellee was ordered away from the frame to do other work, and it was thus left unsupported. There was also evidence tending to show that the manner of supporting and caring for this particular frame was different from that customarily pursued under similar circumstances, and assumption of risk by employes has no application to cases where, by direction of the master, an exceptional and unusual method of doing the business is pursued. Neither can it be said that the evidence shows the negligence in respect of the bracing to have been that of a fellow-servant of appellee. The jury had before them

evidence from which, though contradicted, they might find, as they presumably did, that Mr. Goss, the superintendent in charge, undertook the duty of seeing to the bracing.

Every material question of fact in the case has been found against appellant by the jury, and their verdict, modified by a remittitur of $1,000, has been approved by the trial court. With such a result upon conflicting evidence, it is not the duty of a court of review to disturb the judgment, unless because of some material error of law.

We have examined the bill of exceptions with reference to the testimony of the witness Heinze, who was painting the frame just before the accident happened, but do not discover any material error of the court in respect thereto. Considering all the testimony of the witness it was fully as favorable to the appellant as to the appellee, and even if it be granted that technical error was committed in respect of any of it, no harm to appellant was done. As to the answer of the witness Cromer to a question put to him, it was properly stricken out. The answer was the statement of a conclusion and not of a fact.

Our first impression was that the first instruction given at plaintiff's request was erroneous. But upon examination of the opinion in Chicago & Alton R. R. Co. v. Fisher, 38 Ill. App. 33, we find it to be an exact copy of an instruction there shown and expressly approved. The judgment there rendered was affirmed in the same case, in 141 Ill. 614, without particular discussion of that instruction, so far as we observe in the opinion of the Supreme Court. The errors claimed by appellant with reference to other instructions are so numerous we must pass them by with the remark that we discover no substantial error in respect of them.

There was a large number of instructions given, and we do not see but that the jury had before them all the law properly applicable to the case, and none that appellant can complain of. The trial seems to have been a fair one, and without substantial error, and our duty requires us to affirm the judgment, and it is so ordered. Affirmed.